UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES JOHN PETTINGELL,

     Petitioner,

v.                                                                    Case No. 1:26cv49-TKW-HTC

LUIS ROLLE,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner James John Pettingell is a criminal defendant in pending St. John's County Circuit Court case number 23-002005-CFMA, who was found incompetent to proceed in that case and is currently involuntarily committed to the North Florida Evaluation and Treatment Center.  Doc. 1 at 1-2.  Proceeding *pro se*, he filed a petition under 28 U.S.C. § 2241 (Doc. 1) but did not pay the filing fee or file a motion to proceed *in forma pauperis* at the time of filing suit.  Therefore, on February 26, 2026, the Court ordered Pettingell (1) to show cause why he did not submit payment in the amount of $5.00 or file a complete application to proceed *in forma pauperis* at the time of filing the petition; or (2) to pay the $5 fee or submit a complete *in forma pauperis* application using the Court's form.  Doc. 3.  That Order warned him that failure to timely comply could result in a recommendation that this case be dismissed for failure to prosecute and comply with an order of the Court.

Rather than comply with the February 26 Order, Pettingell filed two nonsensical pleadings. In the first, Pettingell asks the Court to order the attorney for the Respondent and an attorney for the Court itself to meet with Mr. Pettingell off the record. Doc. 4. The second document, titled an "Order to Strike Doc. 3 Filed 02/26/26," fares no better and contains statements associated with the sovereign citizen movement. Doc. 5. For example, Pettingell asks that the Court "view a copy of the Affidavit of Political Status filed for James John Pettingell, secured party, in the United States Secretary of States Office governing the use of the name James John Pettingell."[1] *See Young v. PNC Bank, N.A.*, No. 3:16-cv-298-RV-EMT, 2018 WL 1251920, at *2 n.1 (N.D. Fla. Mar. 12, 2018) (describing the "hallmarks" of the "sovereign citizen theory"). The "sovereign citizen" argument challenging the Court's jurisdiction has been universally rejected as frivolous. *See, e.g.*, *Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (describing the argument as frivolous and "clearly baseless"); *Linge v. State of Ga.*, 569 F. App'x 895, 896 (11th Cir. 2014) ("to the extent that [the appellant] more broadly argues he is a sovereign citizen and is not subject to the jurisdiction of Georgia state courts or Georgia laws, both we and the district court lack jurisdiction to consider his claim because it is

---

[1] This document appears to contain Pettingell's social security number. The clerk will be directed to redact this information from the public filing.

Case No. 1:26cv49-TKW-HTC

wholly insubstantial and frivolous"). Doc. 5. Because Pettingell has not complied with the Court's prior order, this case should be dismissed.

A district court may dismiss a petitioner's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.[2] *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

---

[2] Both the show cause order and this Report and Recommendation serve as fair notice to Petitioner, sufficient to allow the Court to dismiss this action *sua sponte*. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (requiring the court to employ a fair procedure before dismissing an action *sua sponte*); *see also, Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008); (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed).

Accordingly, it is respectfully RECOMMENDED that:

1.     This case be DISMISSED WITHOUT PREJUDICE for Pettingell's failure to prosecute and failure to comply with Court orders.

2.     All pending motions be DENIED.

3.     The clerk be directed to close the file.

At Pensacola, Florida, this 20th day of March, 2026.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 1:26cv49-TKW-HTC